UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAMES ALBERT MOSS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 2:19-CV-444-HAB |
| ) | |
| SOCIAL SECURITY ADMINISTRATION ) | |
| sued as ANDREW SAUL, Commissioner, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security (ECF No. 16), filed on May 25, 2020. Defendant Andrew Saul, the Commissioner of the Social Security Administration (the "Commissioner") filed his Memorandum in Support of Commissioner's Decision (ECF No. 17) on June 29, 2020. Plaintiff filed his Reply (ECF No. 18) on July 13, 2020. This matter is now ripe for review.

**A.     Procedural History**

On February 17, 2016, Plaintiff filed a Title II application for disability insurance benefits, alleging that he had been disabled since October 21, 2015. The claim was denied initially and upon reconsideration. Plaintiff requested a hearing and, on May 31, 2018, a hearing on Plaintiff's application was held before an administrative law judge ("ALJ"). The ALJ entered her Decision on October 1, 2018, finding that Plaintiff was not disabled.

Plaintiff requested review of the Decision from the Appeals Council, which request was denied on September 27, 2019. Plaintiff then initiated this action for review.

**B.     Legal Analysis**

**1.      *Standard of Review***

A claimant who is found to be "not disabled" may challenge the Commissioner's final decision in federal court. This Court must affirm the ALJ's decision if it is supported by substantial evidence and free from legal error. 42 U.S.C. § 405(g); *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002). Substantial evidence is "more than a mere scintilla of proof." *Kepple v. Massanari*, 268 F.3d 513, 516 (7th Cir. 2001). It means "evidence a reasonable person would accept as adequate to support the decision." *Murphy v. Astrue*, 496 F.3d 630, 633 (7th Cir. 2007); *see also Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995) (substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (citation and quotations omitted).

In determining whether there is substantial evidence, the Court reviews the entire record. *Kepple*, 268 F.3d at 516. However, review is deferential. *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). A reviewing court will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (quoting *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000)).

Nonetheless, if, after a "critical review of the evidence," the ALJ's decision "lacks evidentiary support or an adequate discussion of the issues," this Court will not affirm it. *Lopez*, 336 F.3d at 539 (citations omitted). While the ALJ need not discuss every piece of evidence in the record, she "must build an accurate and logical bridge from the evidence to [the] conclusion." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). Further, the ALJ "may not select and discuss only that evidence that favors [her] ultimate conclusion," *Diaz*, 55 F.3d at 308, but "must confront the evidence that does not support [her] conclusion and explain why it was rejected,"

*Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004). Ultimately, the ALJ must "sufficiently articulate [her] assessment of the evidence to assure" the court that she "considered the important evidence" and to enable the court "to trace the path of her reasoning." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993) (quoting *Stephens v. Heckler*, 766 F.2d 284, 287 (7th Cir. 1985) (internal quotation marks omitted)).

**2.   *The ALJ's Decision***

A person suffering from a disability that renders him unable to work may apply to the Social Security Administration for disability benefits. *See* 42 U.S.C. § 423(d)(1)(A) (defining disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months"). To be found disabled, a claimant must demonstrate that his physical or mental limitations prevent him from doing not only his previous work, but also any other kind of gainful employment that exists in the national economy, considering hos age, education, and work experience. § 423(d)(2)(A).

If a claimant's application is denied initially and on reconsideration, he may request a hearing before an ALJ. *See* 42 U.S.C. § 405(b)(1). An ALJ conducts a five-step inquiry in deciding whether to grant or deny benefits: (1) whether the claimant is currently employed, (2) whether the claimant has a severe impairment, (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling, (4) if the claimant does not have a conclusively disabling impairment, whether he has the residual functional capacity to perform his past relevant work, and (5) whether the claimant is capable of performing any work in the national economy. *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since October 21, 2015. At step two, the ALJ found that Plaintiff suffered from the following severe impairments: degenerative disc disease of the cervical and lumbar spine, migraine headaches, and status post fusion of cervical spine. The ALJ also found that Plaintiff suffered from the following non-severe impairments: hypertension, pulmonary embolism, hyperopia of the eyes, shoulder AC arthrosis, cerebrovascular accident, atherosclerotic disease, and deep vein thrombosis.

At step three, the ALJ determined that Plaintiff did not have "an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1" (R. 26). The ALJ considered listings 1.04 (disorders of the spine), 11.00 (neurological disorders), and 11.02.

At step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except claimant can sit, stand, and walk for 6 hours out of an eight-hour day. The claimant can never climb ladders, ropes or scaffolds. The claimant can occasionally climb ramps and stairs, as well as occasionally balance, stoop, kneel, crouch, and crawl. The claimant should avoid unprotected heights and dangerous machinery.

(R. 26). Finally, the ALJ found that Plaintiff could not perform any past relevant work, but that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. Accordingly, the ALJ found that Plaintiff was not disabled.

**3.**   *The RFC Fails to Accommodate Plaintiff's Severe Impairments*

Plaintiff raises several allegations of error, but the Court finds one dispositive. When determining residual functional capacity, the ALJ "must evaluate all limitations that arise from medically determinable impairments, even those that are not severe, and may not dismiss a line of evidence contrary to the ruling." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir.2009). The Court

4

concludes that the ALJ failed to include limitations related to Plaintiff's migraine headaches, which the ALJ found to be a severe impairment, requiring remand.

After finding that Plaintiff's migraines were a severe impairment, the ALJ largely forgot that the condition existed. The migraines are mentioned only twice in the ALJ's discussion of Plaintiff's RFC: Plaintiff's migraines were noted by the consultative physician; and the ALJ included limitations against climbing ladders, ropes, and scaffolds "because his headaches cause dizziness and nausea." (R. 28–29). These references are supported by the record but are far from comprehensive.

It must first be noted that Plaintiff's migraines are supported by objective evidence. An MRI of Plaintiff's brain showed "small punctate areas of scattered abnormal signals . . . within the parenchyma. This can be seen in migraine headaches." (R. 441). There appears to be no medical evidence to call the migraine diagnosis into question; certainly, neither the ALJ nor the Commissioner point to any.

With no evidence to call Plaintiff's migraines into question, the ALJ erred in failing to consider Plaintiff's subjective reports regarding the severity of those migraines. In a headache questionnaire completed on April 21, 2016, Plaintiff reported that his migraines were caused by "bright light, too much noise," neck pain, and television. (R. 229). He described the typical headache as causing sensitivity to light and noise, pain in the left eye, forward, and jaw, and nausea. (*Id*.). These headaches could last anywhere from fifteen minutes to two days. (*Id*.). Plaintiff treated the headaches by laying in a dark room, taking over the counter and prescription meds, and ice. (*Id*.). However, these treatments would not always work, forcing plaintiff to "kick and fight and cry to get through" the headache. (*Id*.).

The Court finds that the RFC fails to consider any of the limitations caused by Plaintiff's migraines. There are no limitations as to light or noise. Perhaps more importantly, there is no consideration in the RFC for any work Plaintiff would be forced to miss as a result of these migraines. *See Moore v. Colvin*, 743 F.3d 1118, 1124 (7th Cir. 2014). Other than accounting for dizziness, which is not even reported by Plaintiff, there are no limitations at all in the RFC for Plaintiff's migraines. The RFC fails to consider Plaintiff's severe impairments, and remand is required.

**C.     Conclusion**

For the foregoing reasons, the Decision is REMANDED. The Clerk is DIRECTED to enter judgment in favor of Plaintiff and against Defendant.

SO ORDERED on November 10, 2020.

 s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

6